UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARTELL CROSS,

        Plaintiff,

    v.                                   CAUSE NO. 3:19-CV-486-DRL-MGG

INDIANA DEPT. OF CORRECTIONS *et al.*,

        Defendants.

OPINION & ORDER

Plaintiff Martell Cross is incarcerated at Miami Correctional Facility. He slipped and fell on an icy walkway and has now filed a complaint. He alleges that the defendants violated his rights secured by the Eighth Amendment to the United States Constitution and committed a state tort of negligence. "A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Still, under 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action "is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."

According to Mr. Cross, on January 31, 2019, he was walking outside on a designated path to attend a mandatory prisoner count when he slipped and fell, injuring himself. He believes that the defendants—Indiana Department of Correction, Warden William Hyatte, Sgt. Calvert, and two unnamed persons—knew or should have known of the hazard, and either the pathway should have been cleaned and salted or an alternative pathway should have been designated for the prisoners to walk on. He claims that "[w]ere it not for the negligence and tortious actions listed [in the complaint] Plaintiff would not have suffered the injury of a fractured hand and the pain, suffering, and

disfigurement that accompanied the injury." ECF 2 at 2. "Defendants owed the Plaintiff a duty to keep the walkways clear and safe for foot travel," he says. *Id.* at 4.

In addition to negligence, Mr. Cross alleges that "defendants deliberately and therefore intentionally failed to properly maintain the walkways to prevent an offender from slipping on ice, snow, or other condition likely to cause the injury experienced in these circumstances." *Id.* at 5. According to Mr. Cross, "the defendants were aware of the slippery conditions on the inmate walkways and failed to remedy the dangerous environment." *Id.*

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). In other words, a plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Haywood v. Hathaway*, 842 F.3d 1026, 1031 (7th Cir. 2016) (quotation marks omitted).

Given such a standard, "[i]t is therefore no surprise that federal courts are consistent in holding that slip-and-fall incidents, whether on ice, water, or slippery floors, do not meet the deliberate

2

indifference standard of Eighth Amendment conditions of confinement claims." *Owens v. Carter*, No. 2:17-CV-462, 2017 WL 4682812, at *2 (S.D. Ind. Oct. 18, 2017) (collecting cases). Mr. Cross alleges that in mid-winter, in a Midwest prison, as a result of ice and snow, "slippery areas" (ECF 2 at 2) existed on a walkway used by prisoners. According to Mr. Cross, the Warden (apart from the caption of the case, he mentions no other defendant in the complaint) "was responsible for ensuring . . . that the walkways were safe for offender travel" because they had no option but to walk on the walkways "or risk a conduct report for being out of place" during the prisoner count. ECF 2 at 2. In short, Mr. Cross is alleging that he was deprived of a sidewalk without slippery areas. But this deprivation is not sufficiently serious under the objective element of the Eighth Amendment test. In fact, "[f]ederal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement." *Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014) (affirming dismissal of a conditions-of-confinement claim arising out of a fall on stairs that were rendered slippery due to inmate's wet shower shoes). Mr. Cross's complaint fails to imply that there was more than just slippery areas on the sidewalk, a condition rather common during winters in Northern Indiana. Because Mr. Cross has not alleged that the hazard was so serious that the action or inaction of a prison official led to "the denial of the minimal civilized measure of life's necessities," the court need not delve into the subjective aspect of the Eighth Amendment test. Rather, his § 1983 claim must be dismissed.

Furthermore, given the dismissal of the federal claim, the court finds it appropriate to relinquish jurisdiction over any state law negligence claim Mr. Cross may have. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. 1367(c).").

For these reasons, the court:

1. DISMISSES WITHOUT PREJUDICE Mr. Cross's state law negligence claim;

2. DISMISSES the remainder of the case in accordance with 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

SO ORDERED.

April 21, 2020	*s/ Damon R. Leichty*
			Judge, United States District Court